IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:16-CR-571-CEM-CSC |
| | ) | |
| BILLY RAY ROBERSON and | ) | |
| ROBERSON EXCAVATION, INC. | ) | |
| | ) | |

## PLEA AGREEMENT

INDIVIDUAL DEFENSE COUNSEL:        Joseph C. Espy, III

CORPORATE DEFENSE COUNSEL:        Robert D. Segall and Ashley N. Penhale

ASSISTANT U.S. ATTORNEY:        Jonathan S. Ross

## COUNT AND STATUTE CHARGED

Count 1:      18 U.S.C. § 1349 – Conspiracy to commit wire fraud

Count 2:      18 U.S.C. § 1343 – Wire fraud

Count 3:      18 U.S.C. § 371 – Conspiracy to defraud the United States

Count 4:      18 U.S.C. § 1001 – Making a false statement

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT

Count 2:      18 U.S.C. § 1343

## STATUTORY MAXIMUM PENALTIES

Count 2:      18 U.S.C. § 1343

A term of imprisonment of not more than 20 years, a fine of not more than $250,000, or both; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

## ELEMENTS OF THE OFFENSE

Count 2:        18 U.S.C. § 1343

First:        The defendant knowingly devised or participated in a scheme to defraud, or

|         | to obtain money or property by using false pretenses, representations, or |
|---------|----------------------------------------------------------------------------|
| in      | promises;                                                                  |
| Second: | the false pretenses, representations, or promises were about a material fact: |
| Third:  | the defendant acted with the intent to defraud; and                        |
| Fourth: | the defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jonathan S. Ross, Assistant United States Attorney, Joseph C. Espy, III, attorney for

Defendant Billy Ray Roberson, and Robert D. Segall, attorney for Defendant Roberson

Excavation, Inc. (Roberson Excavation), pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(B) of the

Federal Rules of Criminal Procedure, have, with the authorization of the defendants, entered into

discussions with a view towards reaching a conclusion of the charges pending in the superseding

indictment. The parties have reached a plea agreement. The parties submit the plea agreement

pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(B), and the parties understand that, the terms of

the plea agreement do not bind the Court and if they are not accepted by the Court, the Defendant

Roberson Excavation will not be allowed to withdraw its plea of guilty. Defendant Roberson

Excavation further understand that, if at any time, it breaches this agreement, its guilty plea may

not be withdrawn.

## GOVERNMENT'S PROVISIONS

1.    Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the

Government agrees that it will move to dismiss all charges pending in the superseding indictment

against Defendant Roberson. The Government further agrees that it will move to dismiss the

charges alleged in counts one, three, and four against Defendant Roberson Excavation.

Additionally, the Government agrees that it will move to dismiss the forfeiture allegation alleged

in the superseding indictment.

2

2.      The Government agrees, pursuant to Rule 11(c)(1)(B), that it will recommend a fine range of no greater than the bottom of the range calculated pursuant to chapter eight of the advisory Sentencing Guidelines.

3.      The Government agrees that it will not seek suspension and debarment proceedings through the Environmental Protection Agency (EPA) against Defendant Roberson Excavation or any related entity.  The Government further agrees that, if prompted, it will take no position regarding suspension and debarment.

4.      The Government reserves the right to inform the Court and Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

5.      Defendant Roberson Excavation agrees to plead guilty to the offense charged in count two.

6.      The defendant agrees that, pursuant to Rule 11(c)(1)(B), that the appropriate fine in this case is a fine of no greater than the bottom of the advisory Guidelines range calculated by the Court at the sentencing hearing.  The defendant specifically reserves the right to argue for a fine below the bottom end of that range.

7.      The defendant agrees that, for the purposes and full satisfaction of restitution, it will release all claims it may have to any funds presently claimed by the defendant and in the possession of or payable to the victim, Dale County Water Authority (DCWA), up to the amount of $154,000.00.

8.      The defendant agrees not to commit any other federal, state, or local offense while

3

awaiting sentencing, whether that offense is charged or chargeable or not. Such criminal activity would include, but is not limited to, witness tampering or facilitation of any other criminal activity. The defendant agrees to provide truthful information to Probation and the Court. Determination of whether the defendant's conduct violates this provision is at the complete discretion of the Government.

9.     The defendant agrees to pay all fines and restitution, if any, imposed by the Court to the Clerk of the Court. The defendant also agrees that the full fine and restitution amounts, if any, shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately, the defendant agrees that Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the Government deems appropriate. The defendant also agrees that its employees, owners, or agents may be contacted by Government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

10.     In order to facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a nominee, or third party. Further, the defendant will, if requested by the Government, promptly submit a completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the Government provides and as the Government directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful. The defendant

4

expressly authorizes the Government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

11.     The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court.  In addition, the defendant promises that the defendant will make no such transfers in the future.

## FACTUAL BASIS

12.     The defendant admits the allegations charged in count 2 of the superseding indictment and admits that the plea of guilty establishes proof of the following facts:

a.     During the times relevant to the superseding indictment, Roberson Excavation was a Florida corporation with an office in Milton, Florida.  Roberson Excavation was a construction project contractor and specialized in paving, grading, underground utility installation, and other construction projects requiring excavation.

b.     During the times relevant to the superseding indictment, the DCWA was a publicly owned municipal water system.  As such, the DCWA provided drinking water to businesses and residences around Ozark, Alabama.

c.     In June of 2014, the DCWA applied for and received a loan funded in part by the Environmental Protection Agency (EPA), and administered by the Alabama Department of Environmental Management (ADEM).  The DCWA intended to use the loaned funds to install new water lines in the Marley Mill area of Dale County, Alabama.

d.     Upon receiving the loan, the DCWA hired Roberson Excavation to serve as the general contractor on the Marley Mill water line replacement project.  Under the contract

5

between the DCWA and Roberson Excavation: (1) Roberson Excavation was to complete the replacement of the water line in the Marley Mill area on or before November 5, 2014, that is, 120 days after July 9, 2014, the date on which work on the project was to begin; (2) for each day after November 5, 2014 that the project was not finished, Roberson Excavation was to pay a $500 penalty; and (3) on or about the 10th of each month, Roberson Excavation could apply to the project engineer (a separate company hired by the DCWA) for incremental payments from the DCWA, the amount of the incremental payment to be based on the number of linear feet of water line laid by Roberson Excavation during the preceding month.

      e.      Before Roberson Excavation began working on the project, its representatives met with representatives from the DCWA and formed an agreement as to responsibilities for completing testing of the newly installed water lines before those water lines went into service. Pursuant to that agreement, Roberson Excavation was responsible for, inter alia, drawing water samples from the line and transporting those samples to a licensed laboratory where the laboratory personnel were to test the samples for the presence of coliform bacteria.

      f.      On or about July 9, 2014, Roberson Excavation began working on the Marley Mill water line replacement project. Roberson Excavation did not complete the project by the date set forth in the contract—November 5, 2014. On November 15, 2014, the DCWA began assessing Roberson Excavation daily penalties of $500.

      g.      In or about January of 2015, Roberson Excavation hired Co-defendant Lewis to work on the Marley Mill project.

      h.      On or about February 17, 2015, Lewis, acting within the scope of his duties for Roberson Excavation and for the benefit of Roberson Excavation, withdrew water from a fire

6

hydrant on the newly installed water line for the purposes of submitting the sample for bacteriological testing. Lewis withdrew both water samples from the same fire hydrant, knowing that the lines to which the fire hydrant was connected were free of bacteria. On the documents provided by the Houston County Regional Water Lab for the submission of the samples of testing, Lewis, acting within the scope of his duties for Roberson Excavation and for the benefit of Roberson Excavation, falsely recorded the locations from which he had taken the samples. He prepared the documents so that it would appear as though he had taken the samples from portions of the line other than the locations noted on the custody documents.

           i.       After Lewis submitted the samples, employees of the Houston County Regional Water Lab tested the samples and found the samples negative for the presence of bacteria. Thereafter, those employees indicated such on the custody documents. They then transmitted the custody documents, via electronic mail using interstate wires, to Roberson Excavation. Roberson Excavation subsequently submitted the custody document, via electronic mail using interstate wires, to the representative of the DCWA during the course of its performance of the contract.

           j.       Upon receipt of the falsified bacteriological testing report, on or about February 24, 2015, an employee of Roberson Excavation, relying on Lewis's false representation regarding the validity of the bacteriological test, transmitted to the project engineer through electronic mail using interstate wires a request for payment. The request for payment contained materially false statements, including, but not limited to, that all bacteriological testing had been completed in accordance with applicable AWWA standards.

           k.       Lewis, acting the course of his employment for Roberson Excavation and for the benefit of Roberson Excavation, made the materially false statement regarding the location

7

from which the water had come intending for it to generate a positive test result and knowing that evidence of such a result would then be transmitted by interstate wire in the course of seeking payment for work performed.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

13.     Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence.  The defendant also waives the right to attack its conviction and sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255.  This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial misconduct, or to collaterally attack the sentence on those grounds.

14.     In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in this case.  The Government does not waive its right to appeal any order dismissing the information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.  Further, the parties agree that nothing in this agreement shall affect the Government's right or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the Government decides to exercise its right to appeal, the defendant is released from his appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742.

## APPLICATION OF THE SENTENCING GUIDELINES AND 18 U.S.C. § 3553(a)

15.     The parties understand that the Court is neither a party to nor bound by this agreement.  The Court may or may not follow the recommendation set forth in the agreement, or defer its decision until it has had an opportunity to consider the presentence report prepared by

Probation. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the United States Sentencing Guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of Probation. The defendant understands that the Court is required to consider any applicable sentencing guidelines, but may depart from these provisions under some circumstances. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the defendant understands how the Guidelines are applicable to the defendant's case. The defendant further understands that the Court will consider the factors enumerated in 18 U.S.C. § 3553(a), in imposing a sentence. Specifically, the Court will consider:

(a) the nature and circumstances of the offense and the history and characteristics of the defendant;

(b) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(c) the kinds of sentences available;

(d) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the sentencing guidelines;

(e) any pertinent policy statement – (A) issued by the Sentencing Commission subject to any amendments made to such policy statement by act of Congress; and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced;

(f) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(g) the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

9

16.     The defendant, Roberson Excavation, before entering a plea of guilty to count 2 of the superseding indictment, advises the Court that:

a.      The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.      The defendant acknowledges that a breach of this plea agreement by the defendant, including committing another federal, state, or local offense prior to sentencing on the pending charges, will not entitle him to withdraw his guilty plea in this case. The defendant understands and acknowledges that the defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c.      The defendant understands that pursuant to 18 U.S.C. § 3103, the $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the Office of the United States Attorney for the Middle District of Alabama. The defendant further understands that by completing and submitting to the Court or to the Government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

d.      The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant and is represented by the defendant's attorney, Robert D. Segall and Ashley N. Penhale.

e.      The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial, has the right to the assistance of counsel,

10

the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    f.  The defendant understands that in entering a plea of guilty, the Court may ask questions about the offenses to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or making a false statement if the answers are not truthful.

    g.  The defendant understands and advises the Court that the plea agreement as set forth and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the plea agreement.  The defendant further advises the Court that the plea agreement is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

    h.  The defendant's understanding of this plea agreement is as set forth in this document.

    i.  The defendant understands that the Government can only make a recommendation as to the appropriate sentence, which is not binding on the Court.

    j.  The defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the superseding

11

indictment, or of statements made in connection with and relevant to the plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the information, is admissible in a criminal proceeding for perjury or making a false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      k.     The defendant is satisfied that his defense attorney has been competent and effective in representing defendant.

      17.    The attorneys for the Government and for the defendant represent to the Court that this plea agreement is the agreement of the parties that has been reached pursuant to the plea agreement procedure provided for in Rule 11 of the Federal Rules of Criminal Procedure. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues; of the maximum possible penalty provided by law; that by the entering of a plea of guilty, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant

12

in a prosecution for perjury or making a false statement if the answers are not truthful.18.

20.     The defendant understands that Probation will prepare a presentence investigation report for the Court.  Probation will consider the defendant's conduct related to the offense to which the plea if offered, as well as the defendant's criminal history.  The offense level or criminal history category as calculated by Probation and determined by the Court may differ from that projected by the defendant's attorney or the Government.  In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on that basis.

This _8th_ day of _June_, 2017.

                                        Respectfully submitted,

                                        A. CLARK MORRIS
                                        UNITED STATES ATTORNEY


_____         _____
Louis V. Franklin, Sr.                  Jonathan S. Ross
Criminal Chief                          Assistant United States Attorney


                                        13

I have read the foregoing plea agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the plea agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE ATTORNEY, Robert D. Segall.

Roberson Excavation, Inc.
Defendant

6/8/17
Date

Robert D. Segall
Attorney for the Defendant

June 8, 2017
Date

14